IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE RAHSAAN BROOKS-BEY, | : | CIVIL ACTION NO. **1:CV-11-0307** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| C.O. SCHMERFELT, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On February 14, 2011, Plaintiff, George Rahsaan Brooks-Bey, an inmate at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, filed this action, *pro se*, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, as well as under the First, Eighth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed Motion for Leave to Proceed *in forma pauperis*. (Doc. 5).[1]

Plaintiff alleges, in part, that he has a disability due to his spinal arthritis and coronary artery disease and that prison staff are not providing him with the same weight lifting and exercise

---

[1] On January 14, 2011, Plaintiff, George Rahsaan Brooks-Bey, filed a civil rights action under 42 U.S.C. § 1983 with this Court. *See* Civil No. 11-0104, M.D. Pa. On March 14, 2011, we screened Plaintiff's Complaint and issued an R&R (Doc. 9). We recommended that Plaintiff's action be dismissed since he was subject to the three strike rule under 28 U.S.C. §1915(g), and he failed to show that he was in imminent danger. In fact, Plaintiff 's present action belies his claim in his Civil No. 11-0104 case that he is in imminent danger with respect to his heart condition due to the alleged failure to give him proper dental treatment. In his present case, Plaintiff states that physicians have allowed him to lift weights up to 50 pounds and exercise despite any heart condition.

programs that he was afforded at the other prisons in which he was confined.[2] Plaintiff also alleges that he was wrongfully convicted of a misconduct on October 12, 2010, for breaking medical restrictions and he seeks to expunge this conviction.

Plaintiff admitted on the face of his Complaint in his Civil No. 11-0104 case that he was subject to the three strike rule under 28 U.S.C. §1915(g). We also determined that Plaintiff was in fact subject to the three strike rule under 28 U.S.C. §1915(g). Thus, as noted, on March 14, 2011, we issued an R&R in Plaintiff's case Civil No. 11-0104 recommending that his action be dismissed since he was subject to the three strike rule under 28 U.S.C. §1915(g), and he failed to show that he was in imminent danger regarding his claim that Defendant prison dentist failed to provide him with proper dental care. We take judicial notice of Plaintiff's Civil No. 11-0104 case. We must preliminarily screen Plaintiff's present Complaint under the PLRA.[3]

---

[2]While Plaintiff avers in the present case that the prison doctors told him he could lift weights under 50 pounds and exercise, and he seeks to be permitted to use the gym, he alleges in his Civil No. 11-0104 case that his dental condition has placed him in imminent danger of serious physical injury due to his heart condition. Thus, in the present case, Plaintiff appears to concede that, despite the alleged denial of proper dental care, his heart is healthy enough to exercise regularly and to lift weights up to 50 pounds.

[3]As we noted in Plaintiff George Rahsaan Brooks-Bey's Civil No. 11-0104 case, he has filed numerous civil rights cases with this Court. *See* M.D. Pa. Civil Action Nos. 91-0348; 91-1091;91-1250; 92-0091; 92-0513; 92-0709; 92-1263; 92-1286; 92-1287; 93-0741; 93-0861; and 94-0077. All of Plaintiff's prior cases are closed. Plaintiff presently has two cases pending with this Court, Civil No. 11-0104 and Civil No. 11-0307. We find that both of Plaintiff's pending cases should be dismissed under the three strike rule.

## II. Screening of Complaint - Three Strike Provision.

In *Harris v. Beard*, 2007 WL 404042, *1 (M.D. Pa. 2-1-07), the Court stated:

The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of frivolous mate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. §1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under *in forma pauperis,* requiring the inmate to pay the full filing fee prior to commencing suit.

In *Aquino v. Saudi*, 2005 WL 2666612, *1 (M.D. Pa. 10-19-05), the Court held:

The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir.2002). Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes." *See Keener v. Pennsylvania Board of Probation and Parole,* 128 F.3d 143, 1444-45 (3d Cir.1997) (holding that dismissals of actions as frivolous before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show he or she is 'under imminent danger of serious physical injury" '). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis* and requires them to pay the required filing fee.

## III. Discussion.

It is not disputed that Plaintiff has filed several actions with this Court and Plaintiff has admitted this on the face of his Complaint in Civil No. 11-0104. (Doc. 1, p. 1, Civil No. 11-0104). *See* M.D. Pa. Civil Action Nos. 91-0348; 91-1091;91-1250; 92-0091; 92-0513; 92-0709; 92-1263; 92-1286; 92-1287; 93-0741; 93-0861; and 94-0077.

Also, in Civil No. 11-0104, Plaintiff admitted on the face of his pleading that he was subject

to the three strike rule. Further, in Civil No. 11-0104, we found that three of Plaintiff's prior cases he filed with this Court were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* M.D. Pa. Civil Action Nos. 91-0348; 92-0091; and 92-1287. We again find that Plaintiff's instant Complaint, Civil No. 11-0307, should be dismissed since Plaintiff is subject to the three strike rule and he is clearly not in imminent danger of physical injury. In fact, Plaintiff seeks this Court in his Civil No. 11-0307 case to direct Defendants to allow him to lift weights up to 50 pounds and to ride the bikes in the gym "like he did at the other state prisons" in which he was confined before his transfer to SCI-Frackville.

We have reviewed the allegations of the instant Complaint, Civil No. 11-0307, and have again determined that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). Plaintiff has acknowledged in his Civil No. 11-0104 case that he has filed three prior civil actions in District Court which were dismissed for failure to state a claim. Moreover, as stated, we found in Plaintiff's Civil No. 11-0104 that he was indeed subject to the three strike rule.

As stated, in Civil No. 11-0104, we found Plaintiff's prior case docket sheets with this Court demonstrated that he fell under the three strike rule provision. *See* M.D. Pa. Civil Action Nos. 91-0348; 92-0091; and 92-1287. Also, as the *Aquino* Court indicated, it does not matter that Plaintiff's cases which were dismissed for failing to state viable claims were dismissed before the enactment of the PLRA in 1996. Plaintiff's pre-1996 cases which were dismissed are still counted toward the three strikes. *See Aquino v. Saudi*, 2005 WL 2666612, *1.

Thus, in the instant case, we again find that Plaintiff is subject to the three strike rule. *See* 28 U.S.C. § 1915(e)(2)(b)(ii). We also find that Plaintiff is clearly not in "imminent danger of physical injury", and therefore, he does not qualify for § 1915(g)'s exception. Rather, Plaintiff seeks to be allowed to use the prison gym to lift weights and ride the bikes, and he seeks to have his October 2010 disciplinary conviction expunged.

As stated, Plaintiff alleges that prior to his 2008 transfer to SCI-Frackville, he was allowed to exercise, lift weights and use the gym. Plaintiff avers that after his transfer, for over year at SCI-Frackville, he used the gym and lifted weights without incident. Plaintiff states that then in August 2009 he was temporarily transferred to SCI-Pittsburgh and that he was examined by a cardiologist and given a stress test and, told how to lift weights and exercise. Plaintiff states that after his return to SCI-Frackville, in May 2010, Defendant Dr. Sterling approved him to lift weights up to 50 pounds and to use the gym.

Plaintiff avers that on October 3, 2010, while he was using the outdoor gym (pavilion) and lifting 60 pounds weights at SCI-Frackville, he was told by prison staff that he could not be in the pavilion since he was placed on medical restrictions from weight lifting. Plaintiff states that he was then issued a misconduct for refusing to obey an order and breaking restrictions. Plaintiff states that Dr. Sterling advised him that he was again placed on medical restrictions since Defendant Schmerfelt witnessed him lifting 125 pounds in the outdoor pavilion.

Plaintiff avers that on October 12, 2010, Defendant DHO Luquis found him guilty of both misconduct chargers and sanctioned him to 15-days cell restrictions. Plaintiff appealed his disciplinary conviction and the conviction was upheld.

Plaintiff states that he filed grievances against Defendants complaining that they discriminated against him by denying him his right to lift weights in the gym or pavilion and to ride the bike and, claiming that they violated the ADA and RA. Plaintiff states that his grievances were denied.

As relief, Plaintiff seeks compensatory and punitive damages against Defendants as well as declaratory and injunctive relief. Plaintiff also seeks the Court to expunge his October 2010 disciplinary conviction.

As stated, we find that Plaintiff 's present action should be dismissed under the three strike rule.

Specifically, § 1915(g) states:

> In no event shall a prisoner bring civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on
> three or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or fails
> to state a claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit elaborated upon Congress's intention and reasoning for enacting "three strikes" legislation in *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). The Court stated:

> Congress enacted the PLRA in order to limit the filing of frivolous and
> vexations prisoner lawsuits. To accomplish this, Congress curtailed the
> ability of prisoners to take advantage of the privilege of filing I.F.P.
> The "three strikes" rule added by the PLRA supplied a powerful economic
> incentive not to file frivolous lawsuits or appeals. In stark terms, it
> declared that the I.F.P. privilege will not be available to prisoners
> who have, on three prior occasions, abused the system by filing frivolous
> or malicious lawsuits or appeals, no matter how meritorious subsequent

claims may be.

*Id*. at 314-15.

While this legislation is important in decreasing the administrative and financial burden on federal courts, it does block a prisoner's access. *Id*. Section 1915(g) "only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Id*. Furthermore, it does not preclude a prisoner from filing in state court, where limitations on filing I.F.P. may not be as strict. *Id*.

In *Harris*, the Court discussed the imminent danger exception to the three strike rule and stated:

> In addressing the "imminent danger" exception to § 1915(g)'s "three strikes" rule, the Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3d Cir.2001)(en banc), *cert. denied,* 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002). The allegations of imminent danger must be construed liberally in favor of the plaintiff. *See Gibbs v. Cross,* 160 F.3d 962, 966 (3d Cir.1998).

2007 WL 404042, *2.

Further, we do not find that in the present case, Plaintiff claims that he is in imminent danger if he is not permitted to use the gym, lift weights and ride the bike. Even if Plaintiff does assert that he is in imminent danger, we do not find that Plaintiff's case presents a genuine emergency. Plaintiff has not submitted any proof to show that he is in imminent danger if he is not allowed to use the gym and lift weights. Thus, we find that time is not pressing and that Plaintiff is not facing a real and proximate threat.

As we have found in Plaintiff's case #11-0104, it is clear that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and therefore, his current Complaint in case #11-0307 should be dismissed. Furthermore, Plaintiff's filings are examples of the type of litigation that Congress wishes to curb, as he filed twelve cases with this Court alone in the years 1991 through 1994. Recently, since Plaintiff's transfer to SCI-Frackville, he filed two more cases with this Court. As noted above, Plaintiff is not banned from federal court, but in order to proceed in the future, he must procure the appropriate funds or meet the exception of "imminent serious physical injury."[4]

Moreover, with respect to Plaintiff's challenge to his October 2010 disciplinary conviction and, his claim that he was wrongfully convicted of the October 2010 misconduct charges and that his conviction should be expunged, we find that this claim is *Heck* barred insofar as this conviction may have affected the length of Plaintiff's confinement in prison. We find that the recent case of *Burke v. Bittenbender*, 2010 WL 468117 (M.D. Pa.), is on point with the present case.

In *Burke*, the Court stated:

In view of the application of *Heck v. Humphrey* to the disciplinary conviction, which plaintiff received on April 24, 2009 for the March 26, 2009 incident, the court will dismiss the complaint, without prejudice, for failure of plaintiff to state a claim for which relief can be granted. Plaintiff cannot state a cause of action with respect to this incident unless and until the disciplinary conviction of April 24, 2009 has been reversed, expunged, declared invalid by a tribunal authorized to make such determination or called into question by a federal court by the issuance of a writ of habeas corpus. *See Razzoli v. Dir. Bureau of Prisons*, 293 Fed. Appx. 852, 856-857 (3d Cir. 2008) (not precedential);

---

[4] We note that the Third Circuit, like many of its sister courts, held that "imminent danger" refers to danger at the time of filing the civil action, not at the time of an alleged incident. *McKelvie*, 239 F.3d at 314.

> *Hart v. Whalen*, 2009 U.S. Dist. LEXIS 119215, *, 2009 WL 5173487
> (M.D. Pa. Dec. 22, 2009) (Kosik, J.).

*Id.* at *2.

Additionally, even if Plaintiff 's October 2010 disciplinary conviction did not affect the duration of confinement, Plaintiff does not state a due process violation regarding this conviction in which he was sanctioned to 15-days cell restriction.

In *Frazier v. Daniels,* 2010 WL 2040763, *4 (E.D. Pa. 5-20-10), the Court stated, "[b]eing placed in various forms of disciplinary confinement ... fails to constitute an Eighth Amendment violation. *Swinson v. Dep't of Corrs.,* No. 07-26, 2009 WL 33330, at *10 (W .D. Pa. Jan. 5, 2009) (citing *Gibson v. Lynch,* 652 F.d 348, 352 (3d Cir.1981)); *see also Mearin v. Dohman,* No. 06-4859, 2009 WL 3127760, at *11 (E.D. Pa. Sept. 29, 2009) (finding ten months in SCI-Graterford's RHU not to be a deprivation in violation of the Eighth Amendment (citing *Griffin,* 112 F.3d at 709))."

In *Mincy v. Chmielewski*, the Court stated:

> Mincy's contention that his due process rights were violated in the context of his misconduct hearing requires a determination of whether he had a protected liberty interest and, if so, what process was mandated to protect it. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Shoats v. Horn,* 213 F.3d 140, 143 (3d Cir.2000). Importantly, due process requirements apply only when the prison's actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 483 (1995). "[T]he baseline for determining what is "atypical and significant"-the "ordinary incidents of prison life"-is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Griffin v. Vaughn,* 112 F.3d 703, 706 (3d Cir.1997)(quoting *Sandin,* 515 U.S. at 486).
>
> Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of prison life necessary to implicate a liberty interest. *Sandin,* 515 U.S. at 486; *see Griffin,* 112 F.3d at 706-07 (finding that fifteen month period of administrative custody did not

> deprive prisoner of a liberty interest). The disciplinary sanction at issue, sixty days of disciplinary segregation, does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 483.

2007 WL 707344,*8-*9 (M.D. Pa.).

As stated, Plaintiff indicates that he was sanctioned to 15-days cell restriction. The Third Circuit Court, in the case of *Arango v. Winstead*, 352 Fed. Appx. 664, 666 (3d Cir. 2009), stated:

> Although [the inmate's] due process claim is cognizable under 42 U.S.C. § 1983, to survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, her complaint "must contain sufficient factual matter" to state a plausible claim of a deprivation of a liberty interest protected by the Due Process Clause. *Iqbal,* 129 S.Ct. at 1949. The Supreme Court has recognized that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Asquith v. Dep't of Corr.,* 186 F.3d 407, 410 (3d Cir.1999) (quoting *Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process applies only where the conditions of confinement impose "atypical and significant hardship [s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Placement in administrative segregation for days or months at a time or transfers to more restrictive custody do not implicate a protected liberty interest. *See Torres,* 292 F.3d at 150; *Fraise v. Terhune,* 283 F.3d 506, 522-23 (3d Cir.2002). Nor does removal from a prison program, as restriction from participation in prison programs is among the conditions of confinement that an inmate may reasonably anticipate during her incarceration. *See James v. Quinlan,* 866 F.2d 627, 629 (3d Cir.1989).[5]

Thus, based on *Mincy and Arango*, Plaintiff fails to state a Fourteenth Amendment due

---

[5]Plaintiff Coss also alleges that the disciplinary conviction "adversely affected" his "prison programming participation." (Doc. 1, ¶ 61.).

process claim against Defendants based on his October 2010 disciplinary conviction.

**IV.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(g).

> **s/Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated:   March 21, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G. RAHSAAN BROOKS-BEY, | : | CIVIL ACTION NO. **1:CV-11-0307** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| C.O. SCHMERFELT, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 21, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                 s/ Thomas M. Blewitt
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: March 21, 2011**